


FILED
MARIE RAMSEY - HIRST COURT CLERK
CANADIAN COUNTY OKLA.
OCT 27 2016
BY _____
DEPUTY

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

NHUAN THI NGUYEN, surviving next of )
kin of Thai Nguyen, deceased, )
          Plaintiff, )
)
vs. )  Case No. CJ 2016 582
)
ARORA ENTERPRISE, INC., )
TOTAL QUALITY LOGISTICS, LLC d/b/a )
TQL and GURINDER PAL SINGH, )
)
          Defendants. )

## PETITION

### COUNT I

Plaintiff states:

1. Plaintiff, Nhuan Thi Nguyen ("Plaintiff"), is the surviving next of kin of Thai Nguyen, deceased.

2. At the time of his death, Thai Nguyen was a legal permanent resident of the United States.

3. Defendant, Arora Enterprise, Inc. ("Defendant Arora), is a corporation incorporated under the laws of California.

4. Defendant, Total Quality Logistics, LLC d/b/a TQL ("Defendant TQL"), is a limited liability company located in Ohio and a federally licensed truck broker.

5. On June 27, 2016, at about 5:43 p.m., Thai Nguyen was driving a motor vehicle east on I-40 near Mustang Road in Oklahoma City, Oklahoma, Canadian County.



EXHIBIT 1

Case 5:17-cv-00044-W   Document 1-1   Filed 01/13/17   Page 2 of 4

6. Defendant, Gurinder Pal Singh ("Defendant Singh"), the agent, servant and/or employee of Defendants Arora and TQL, and while acting within the scope and course of his agency and/or employment and while driving a semi-trailer truck furnished to him by Defendant Arora, was traveling east on I-40 and collided with the rear of the motor vehicle operated by Thai Nguyen.

7. At the time of the collision, Defendant Arora, was transporting cargo brokered through Defendant TQL.

8. Defendant TQL selected Defendant Arora as the motor carrier to haul the subject cargo.

9. The collision resulted from Defendants' negligence as follows:

   a. Defendant Singh was traveling at a speed in excess of the posted speed limit and/or at a speed wherein he could not stop within the assured clear distance ahead.

   b. Defendant Singh failed to keep a proper lookout.

   c. Defendant Singh was following a motor vehicle at a distance that was closer than reasonable.

   d. Defendant Singh failed to use his brakes, horn or steering mechanism to avoid the subject collision.

   e. Defendant Arora furnished a vehicle to Defendant Singh at a time when it knew or should have known Defendant Singh was not a careful, safe or competent driver and as a result thereof, persons, including Thai Nguyen, were likely to be injured.

2

    f. Defendant Arora negligently hired, screened, retained, trained and/or instructed Defendant Singh with regards to the operation of its semi-trailer truck and his required compliance with state and federal laws.

    g. Defendant TQL selected Defendants Arora and Singh at a time when it knew or should have known Defendants Arora and Singh were not careful, safe or competent and should not have been qualified or hired to transport the subject cargo.

    h. Defendant TQL had a nondelegable duty to the public at large in the selection of competent motor carriers and Defendant TQL breached its duty by selecting Defendants Arora and Singh.

10. As a result of Defendants' negligence, Thai Nguyen suffered personal injuries and died. At the time of his death, Thai Nguyen was 51 years of age with a life expectancy of 28.9 years. As a result of said injuries, Thai Nguyen suffered conscious pain and suffering of mind and body, was permanently injured and died, damaging Plaintiff's decedent in an amount in excess of $75,000.00.

## COUNT II

11. Plaintiff for Count II repleads and realleges the allegations of Count I stated herein and states that as a further result of Plaintiff's decedent's death, Thai Nguyen's surviving next-of-kin have incurred funeral and last illness expenses. As a further result of Thai Nguyen's death, the surviving next of kin have lost the support, guidance, training and protection given by Thai Nguyen and have lost any future support, guidance, training and protection which would have been given, damaging the next-of-kin in an amount in excess of $75,000.00.

## COUNT III

12. Plaintiff for Count III repleads and realleges the allegations of Counts I-II stated herein and states that the acts of Defendants were gross, wanton, willful and/or intentional for which punitive damages should be assessed in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of $75,000.00, together with attorney fees, interest and costs of this action.

Respectfully submitted,

T. LUKE ABEL, OBA #21094
KELLY S. BISHOP, OBA #15159
ABEL LAW FIRM
The White House
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 239-7046
(405) 418-0833 (fax)
label@abellawfirm.com
kbishop@abellawfirm.com
**ATTORNEYS FOR PLAINTIFF**

ATTORNEYS' LIEN CLAIMED